UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN SCOTT WEDINGTON,<br><br>      Petitioner,<br><br>v.<br><br>ERIC HOLDER, Attorney General, and<br>JANET RENO,<br><br>      Respondents. | Civil No. 12-2474 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is serving a life sentence that was imposed in 1982 after he pleaded guilty to second-degree murder in a federal criminal case in the District of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Maryland. In 2005, a commitment order was entered against Petitioner pursuant to 18 U.S.C. § 4245, which "provides for the hospitalization of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his prison sentence expires, whichever occurs first." United States v. Wedington, 409 Fed.Appx. 969, 970 (8th Cir. 2011) (unpublished opinion). (See also United States v. Wedington, Civil No. 05-767 (DSD/SRN) (D.Minn. 2005) 2005 WL 1270915 (Report and Recommendation recommending § 4245 commitment).)

Petitioner commenced the present action by filing a habeas corpus petition in the United States District Court for the District of Columbia. The case was transferred to this District, because Petitioner is currently confined in Minnesota. (See "Transfer Order" dated August 17, 2012; [Docket No. 4].) Petitioner is seeking a writ of habeas corpus that would cause him to be released from custody. (Habeas Corpus Petition, [Docket No. 1], p. 7.) That request must be denied.

## II. DISCUSSION

Petitioner cannot be granted a writ of habeas corpus, because he has not presented any colorable claim for relief. Nominally, the petition lists four grounds for relief, but in reality, the petition is one long and rambling collection of bizarre sentence fragments. In "Ground One," Petitioner alleges that he met President Clinton in a police station and the President made him a rear admiral in the United States Navy. In "Ground Two," he alleges that he helped former Attorney General Janet Reno apprehend "several public enemy's [sic]." In "Ground Three," Petitioner claims that he "had to impeach" a former judge, and he was later "exonerated" by President Clinton "with Reagan's backing." In "Ground Four," Petitioner alleges that while he was in segregated confinement, he was "blasted" by a

corrections officer wielding a "single barrel shotgun." Petitioner refers to himself as a "Vietnam vet roaming killer of Viet Cong trained by [a] U.S. Navy nuclear submarine captain,"[2] and a "crytologic technical technician classical wizard computer tech."

After diligently attempting to parse the intended meaning of Petitioner's claims, the Court cannot identify any possible basis to grant him a writ of habeas corpus. Petitioner has not provided an intelligible explanation of the factual basis for his petition, nor has he offered any legal rationale for ordering his release. In short, the Court finds that the current petition does not present any arguable grounds for granting Petitioner a writ of habeas corpus. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that his pending application to proceed in forma pauperis, (Docket No. 2), and his motion for appointment of counsel, (Docket No. 3), be summarily denied.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis,(Docket No. 2), be DENIED;

2. Petitioner's motion for appointment of counsel, (Docket No. 3), be DENIED; and

---

[2] According to a website maintained by the federal Bureau of Prisons, Petitioner is 55 years old at this time, which means that he was only about seventeen when the United States ended its active combat operations in Vietnam in January 1973.

3. This action be summarily DISMISSED.


Dated: October 10, 2012

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.